[No. 8399.]

## FLEMING V. GILL ET AL.

1. CUSTOM—*Effect.* A dealer in real estate employs another like dealer to procure for him a tenant to certain property, agreeing to pay a certain commission. A custom among dealers in real estate to divide commissions has not the effect to abate the agreed commission. (297.)

2. APPEAL AND ERROR—*Judgment, should follow the findings.* A judgment for less than what was found due to the plaintiff, no reason for the abatement appearing, modified to conform to the findings. (297.)

*Error to Denver District Court.*   Hon. JAMES H. TELLER, Judge.

Mr. W. W. DALE, for plaintiff in error.

Mr. WM. R. EATON, and Messrs. SCHUYLER & SCHUY-LER, for defendants in error.

SCOTT, J., delivered the opinion of the court.

The defendants in error, a partnership, plaintiffs below, brought suit to recover from the plaintiff in error, defendant below, a commission for services rendered. The complaint alleged that the plaintiffs were partners engaged in the real estate business. That the defendant was the owner of certain building lots in the city of Denver, and represented to the plaintiff that he proposed to erect a building thereon for rental purposes, but that he desired to secure a suitable tenant for the building, for a period of ten years, before commencing the erection of the building, and that he would arrange and design the building for the convenience of such tenant; and thereupon employed the plaintiffs to secure a tenant. That defendant promised and agreed to pay the plaintiffs the stipulated sum of six hundred and sixty dollars for such services; that in pursuance of such employment the plaintiff secured the Mann-Aldrich Carriage Company, a corporation, as such tenant; that the said corporation afterward agreed with the defendant to occupy said premises, and agreed upon all the terms of a lease of the premises for the full period of ten years at the monthly rental of $250.00 per month for the first five years; the rent for the remaining five years to be thereafter mutually agreed upon.

That the said corporation was able and willing at all times to carry out the said agreement, but that the defendant thereafter refused to comply with his agreement or to execute a lease. That the plaintiffs fully performed the services for which they had been employed.

The answer alleged that the Mann-Aldrich Carriage Company was brought to the attention of defendant by a real estate broker other than plaintiffs. Denied that the defendant and the carriage company at any time reached an agreement or understanding, and denied that plaintiffs had performed any services for him. Alleged also, that one of the plaintiff partners, Smith, was a stockholder and officer in the carriage corporation, and was at all times employed by said corporation, and working in the interest of said corporation, and against the interest of defendant.

The cause was tried to the court who found for the plaintiff and against the defendant, and that plaintiff was entitled to recover the sum of six hundred and sixty dollars. A motion for a new trial was filed and after the hearing thereon, the court rendered judgment against the defendant in the sum of three hundred dollars only.

There is no explanation in the record as to why the judgment was reduced from the amount due as found by the court, to the sum of three hundred dollars, and the plaintiffs below have assigned this as cross error. The general finding of the court is amply sustained by the evidence, and cannot be disturbed.

The suit was upon an express agreement to pay the stipulated sum of $660.00 as a commission for services rendered. This is the allegation in the complaint and this is the testimony, and the court so ruled during the trial.

One of the plaintiffs, Smith, testified that at the time of making the agreement he declined to accept less than the full commission, and stated it, at the time, to amount to $660.00. The defendant admits this, but denies that he agreed to pay the plaintiff any commission at all.

The defendant upon this point, testified as follows:

"Well, he said he would want a full commission. I wanted him to divide the commission; he said he wouldn't do that. The answer I made was that I would not pay him a commission."

During the course of the trial the defendant offered to prove that there was a custom among real estate dealers in Denver, to divide commissions; that both plaintiffs and defendant were real estate dealers, and contending that from this state of facts, if proven, the plaintiff should recover no more than one-half the sum prayed for, in any event.

The court very properly rejected this testimony. This was not an issue within the pleadings, and as was suggested by the court during the trial, the plaintiff was entitled to recover upon the specific contract or not at all.

For such reason the court erred in rendering judgment for the sum of three hundred dollars only. The judgment should have been in conformity with the findings of the court, and for the sum of six hundred and sixty dollars.

As so modified, the judgment is affirmed, with directions to enter judgment for such amount as of the date of the former judgment.

GABBERT, C. J. and GARRIGUES, J., concur.

Decided November 1, A. D. 1915. Rehearing denied December 6, A. D. 1915.